NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOL (AMERICA) INC., | Civil Action No. 11-3884 (ES) |
| Plaintiff, | |
| v. | MEMORANDUM |
| CAN-MED LINES (USA), INC., ET AL., | OPINION & ORDER |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

This action comes before the Court on the motion of Plaintiff MOL (America) Inc. ("MOL") for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court, having considered Plaintiff's submissions, and it appearing that:

1. On July 6, 2011, Plaintiff commenced this civil action. (D.E. No. 1).

2. In the complaint, Plaintiff named the following four Defendants: Can-Med Lines (USA), Inc., Can-Med Lines (Canada) Inc., Can-Med Maritime, Inc., and Elie Ibrahim. (*Id.*).

3. On January 10, 2012, Plaintiff served Defendants Can-Med Lines (USA), Inc., Can-Med Lines (Canada) Inc., and Can-Med Maritime, Inc. by service to CSC Lawyers Incorporating Service. (D.E. No. 6).

4. Plaintiff submitted no supporting exhibit showing that Defendant Elie Ibrahim ("Ibrahim") was formally served.

5. The time for answering the Complaint has expired, and Defendants have neither been granted an extension of time within which to answer, nor interposed an answer or otherwise responded to the Complaint.

6. On February 21, 2012, MOL sent the Clerk of Court a letter requesting that default be entered against three of the four Defendants: Can-Med Lines (USA), Inc., Can-Med Lines (Canada) Inc., and Can-Med Maritime, Inc. (D.E. No. 7).

7. There was no request for entry of default against Ibrahim.

8. On February 22, 2012, the Clerk of Court entered default as to Can-Med Lines (USA), Inc., Can-Med Lines (Canada) Inc., and Can-Med Maritime, Inc. (*See* D.E. dated February 22, 2012).

9. On February 23, 2012, all four Defendants filed a motion to set aside default. (D.E. No. 8).

10. In that motion, Defendants argued that service of process was insufficient. (*See* D.E. No. 8-2, Ibrahim Cert. ¶ 12).

11. In response, Plaintiff argued that "[p]ursuant to the FMC, the defendant(s) listed on such tariff(s) their official agent for service information for the defendants, to wit: CSC Lawyers Incorporating Service in California." (D.E. No. 9 at 2). But, Plaintiff attached no exhibit to support this statement.

12. On June 29, 2012, the Court granted Defendants' motion to set aside default and ordered Defendants to "file responsive pleadings within 15 days." (D.E. No. 11).

13. Defendants, however, failed to file any responsive pleadings.

14. On August 29, 2012, counsel for all four Defendants filed a motion to withdraw. (D.E. No. 17).

15. On October 11, 2012, the Court granted Defendants' counsel's motion to withdraw. (D.E. No. 19).

16. On January 24, 2013, Plaintiff filed the instant motion seeking default judgment.

(D.E. No. 22).

17. "Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

18. In the instant motion, Plaintiff did not brief how service of process was sufficiently provided to Defendants. (*See* D.E. No. 22).

Accordingly, IT IS on this 27th day of September, 2013,

**ORDERED** Plaintiff's motion for default judgment is DENIED without prejudice with leave to re-file, and it is further

**ORDERED** that within thirty days from the date of this Order, Plaintiff shall file a new motion for default judgment with evidence establishing CSC Lawyers Incorporating Service as Defendants' proper legal agent under 46 C.F.R. § 515.24 at the time of service, or a brief explaining why service was otherwise properly effected. Failure to do so will result in a dismissal with prejudice, and it is further

**ORDERED** that within thirty days from the date of this Order, Plaintiff shall either request a dismissal of this action with respect to Ibrahim or properly serve him, and if Plaintiff fails to do either, then the Court shall dismiss Ibrahim from this matter pursuant to Fed. R. Civ. P. 4(m).

*s/Esther Salas*
**Esther Salas, U.S.D.J.**