NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOL (AMERICA) INC., : | |
| : | |
| Plaintiff, : | Civil Action No. 11-3884 (ES) |
| v. : | |
| : | MEMORANDUM OPINION |
| CAN-MED LINES (USA), INC., ET AL., : | & ORDER |
| : | |
| Defendants. : | |

**SALAS, DISTRICT JUDGE**

This action comes before the Court on the motion of Plaintiff MOL (America) Inc. ("MOL") for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court, having considered Plaintiff's submissions, and it appearing that:

1. On July 6, 2011, Plaintiff commenced this civil action. (D.E. No. 1).

2. In the Complaint, Plaintiff named the following four Defendants: Can-Med Lines (USA), Inc., Can-Med Lines (Canada) Inc., Can-Med Maritime, Inc., and Elie Ibrahim. (*Id.*).

3. On January 10, 2012, Plaintiff purportedly served Defendants Can-Med Lines (USA), Inc., Can-Med Lines (Canada) Inc., and Can-Med Maritime, Inc. by service to CSC-Lawyers Incorporating Service. (D.E. No. 6).

4. Plaintiff submitted no supporting exhibit showing that Defendant Elie Ibrahim ("Ibrahim") was formally served.

5. The time for answering the Complaint has expired, and Defendants have neither been granted an extension of time within which to answer, nor interposed an answer or

otherwise responded to the Complaint.

6. On February 21, 2012, MOL sent the Clerk of the Court a letter requesting that default be entered against three of the four Defendants: Can-Med Lines (USA), Inc., Can-Med Lines (Canada), Inc., and Can-Med Maritime, Inc. (D.E. No. 7).

7. There was no request for entry of default against Ibrahim.

8. On February 22, 2012, the Clerk of Court entered default as to Can-Med Lines (USA), Inc., Can-Med Lines (Canada) Inc., and Can-Med Maritime, Inc. (*See* D.E. dated February 22, 2012).

9. On February 23, 2012, all four Defendants filed a motion to set aside default. (D.E. No. 8).

10. In that motion, Defendants argued that service of process was insufficient. (*See* D.E. No. 8-2, Ibrahim Cert. ¶ 12).

11. In response, Plaintiff argued that "[p]ursuant to the FMC, the defendant(s) listed on such tariff(s) their official agent for service information for the defendants, to wit: CSC-Lawyers Incorporating Services in California." (D.E. No. 9 at 2). But, Plaintiff attached no exhibit to support this statement.

12. On June 29, 2012, the Court granted Defendants' motion to set aside default and ordered Defendants to "file responsive pleadings within 15 days." (D.E. No. 11).

13. Defendants, however, failed to file any responsive pleadings.

14. On August 29, 2012, counsel for all four Defendants filed a motion to withdraw. (D.E. No. 17).

15. On October 11, 2012, the Court granted Defendants' counsel's motion to withdraw.

(D.E. No. 19).

16. On January 24, 2013, Plaintiff filed a motion for default judgment against all four Defendants. (D.E. No. 22). In this motion, Plaintiff failed to brief how service of process was sufficiently provided. (*Id.*).

17. On September 27, 2013, the Court denied Plaintiff's motion for default judgment without prejudice. (D.E. No. 25). The Court further ordered Plaintiff to provide evidence, or otherwise explain, why service was properly effectuated. (*Id.*). The Court also ordered Plaintiff to either request a dismissal of this action with respect to Ibrahim or properly serve him. (*Id.*).

18. On October 17, 2013, Plaintiff sought to dismiss the action against Ibrahim without prejudice. (D.E. No. 26).

19. On October 17, 2013, Plaintiff filed the instant motion seeking default judgment as to the remaining Defendants, specifically: Can-Med Lines (USA), Inc., Can-Med Lines (Canada) Inc., and Can-Med Maritime, Inc. (D.E. No. 27).

20. On October 22, 2013, the Court dismissed the instant action as to Ibrahim without prejudice. (D.E. No. 28).

21. "Before granting a default judgment, the court must determine: (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.,* No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

22. Regarding proof of service, Plaintiff submitted an exhibit that establishes "CSC-

3

Corporation Services, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833" as the legal agent for service of process of Defendant Can-Med Lines (Canada) Inc. (D.E. No. 27, Cert. of Bryon Press, Ex. B, "Tariff Rule Information" at 2). Thus, service to Can-Med Lines (Canada) Inc. is proper pursuant to Fed. R. Civ. P. 4(h)(1)(b) and 46 C.F.R. § 515.24.

23. However, Plaintiff failed to submit any evidence identifying the proper agent for service of process for Can-Med Maritime, Inc. and Can-Med Lines (USA), Inc. Plaintiff also did not brief any legal argument for why service to Can-Med (Canada) Inc. should be imputed to the remaining Defendants.

24. Regarding whether a sufficient cause of action was stated, the Court finds that Plaintiff failed to sufficiently state a cause of action upon which relief can be granted. Specifically, Plaintiff did not attach any evidence establishing a contractual relationship between the parties to its Complaint, (D.E. No. 1), or the instant motion, (D.E. No. 27). Nor did Plaintiff brief an alternative theory for why a default judgment should be granted.

25. Plaintiff failed to provide the Court with evidence from which damages flow. "A consequence of the entry of a default judgment is that the factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (emphasis added) (internal quotation marks omitted). Here, Plaintiff failed to provide the Court with evidence of a contract from which damages flow or any other basis for claimed damages.

Accordingly, IT IS on this 23rd day of June, 2014,

**ORDERED** that, Plaintiff's motion for default judgment, (D.E. No. 27), is DENIED without prejudice with leave to re-file, and it is further

**ORDERED** that, within thirty days from the date of this Order, Plaintiff shall file an amended complaint or a new motion for default judgment with evidence establishing CSC-Lawyers Incorporating Service as proper legal agent of Defendant Can-Med Maritime, Inc. and Defendant Can-Med Lines (USA), Inc. under 46 C.F.R. § 515.24 at the time of service, or explaining why service was otherwise properly effectuated.  Plaintiff shall further brief what cause of action supports the judgment Plaintiff seeks, as well as the proper amount of damages.  Failure to do so may result in a dismissal with prejudice.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**